UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| IN RE: | * | CHAPTER 13 |
| MARK V. FRANKLIN, | * | |
| Debtor. | * | CASE NO. 09-31562 |

## CHAPTER 13 PLAN

1. The future earnings of the debtor(s) are submitted to the supervision and control of the trustee and the debtor(s) (or the debtor's(s') employer) shall pay to the trustee the sum of **$940.00 monthly.**

2. From the payments so received the trustee shall make disbursements as follows:

   (a) The trustee percentage fee as set by the United States Trustee.

   (b) The monthly payments will be made on the following long-term debts: (Payments which become due after the filing of the petition but before the month of the first payment designated here will be added to the pre-petition arrearage claim.) **NONE**

   (c) Pre-confirmation adequate protection payments will be made to the following secured creditors and holders of executory contracts after the filing of a proof of claim by the creditor. These payments will be applied to reduce the principal of the claim:

   CREDITOR                ADEQUATE PROTECTION AMOUNT

   (d) After confirmation of the plan, the secured creditors with allowed claims will be paid as follows:

| CREDITOR | AMT. DUE | VALUE | INT. RATE | COLLATERAL | MONTHLY PAYMENT AMT. |
|---|---|---|---|---|---|
| (1) RJM Aquisitions | 4,112.00 | | | See special provisions (l) below. | |
| (2) CitiBank South Dakota | 8,715.00 (disputed) | | | See special provisions (l) below. | |
| (3) Georgia Receivables | 5,515.00 | | | See special provisions (l) below. | |
| (4) Unifund CCR Partners | 37,034.00 | | | See special provisions (l) below. | |
| (5) LVNV Funding | 7,999.00 | | | See special provisions (l) below. | |
| (6) CACV of Colorado | 3,065.00 | | | See special provisions (l) below. | |
| (7) Capital One Bank | 1.574.00 | | | See special provisions (l) below. | |

   (e) Attorney fees ordered pursuant to *11 U.S.C. §507(a)(2)* of **$3,500.00**, or such other amount as approved by the Court, to be paid under the terms set forth in Administrative Order dated and entered August 17, 2007, U.S. Bankruptcy Court, Middle District of Georgia.

(f) After the above are paid, distributions will be made to cure arrearages and other secured debts whose claims are duly proven and allowed as follows: **NONE.**

(g) The following collateral is surrendered to the creditor: **NONE.**

(h) The following domestic support obligations will be paid over the life of the plan as follows: **NONE.**

(i) The following unsecured claims are classified to be paid at 100%. These payments will/will not be made simultaneously with payment of the secured debt: **NONE.**

(j) All other *11 U.S.C. §507* priority claims, unless already listed under 2(h), will be paid in full over the life of the plan as funds become available in the order specified by law.

(k) The debtor(s) will be the disbursing agent on the following debts: **Washington Mutual on loan secured by residence.**

(l) Special provisions:
Judicial lienhold claimants under (d) above are listed in what is believed to be the correct order of seniority and with approximations of claim amounts. Debtor proposes to pay these claims, simultaneously and in order of seniority, up to a total principal amount of $57,600.00, representing Debtor's non-exempt equity in real and personal property. All claims entitled to be paid under this formula will receive interest at the annual rate of 5%. Monthly payments will be in amounts sufficient to pay each principal claim with interest in no more than 60 months. Until all relevant claims are filed, Debtor is unable to calculate which claimants will receive distributions and in what amounts, and accordingly no effort will be made to confirm this Plan until the deadline to file proofs of claim has expired, January 28, 2010. After that time, the Plan will be modified to include information regarding which judicial lienhold claimants are to receive distributions, the amount each is to be paid or not paid, and the respective monthly payments. That Modified Plan will be served only on the Chapter 13 Trustee and the claimants listed in Section (d) above.

(m) Debtor will make payments for 60 months and anticipates a dividend of 0% to be paid to general unsecured claims.

Date: 10/8/09

CHRISTOPHER J. LIKEN
Attorney for Debtors